## Buckley, Trustee, et al. v. Hogan, et al.

(Decided March 10, 1911.)

Appeal from Franklin Circuit Court.

1. Wills—Specific Bequests—Omission of Lot—Passed by Descent to Heir-at-law.—Where a testatrix made various devises of her property and died a widow and without issue, a house and lot that was not included in any devise passed by descent to her father as her only heir-at-law.

2. Same—Construction of Clause in Will.—An item in a will providing for an expenditure of a certain amount for grave stones and "if there is any left," the trustees under the will shall use their own judgment about it, clearly refers to other subjects than that of the property omitted. These words unaided, and in connection alone with the context of the will, did not embrace the lot omitted to be devised.

3. Life Tenant—Property not Thereafter Devised—Passes Under the Statutes of Descent and Distribution.—Property devised to one for life, and not thereafter disposed of is undevised estate, and passes under the statutes of descent and distribution, therefore testatrix's father, as her only heir-at-law, took the title to the lot in question, and the title to it passed to the devisee under his will.

HAZELRIGG & HAZELRIGG and McQUOWN & BECKHAM for appellants.

B. G. WILLIAMS and BROWN & NUCKOLS for appellees.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

This appeal involves the construction of the following will:

"Frankfort, Ky., Nov. 2, 1907.

"I leave all of my property to John T. Buckley and his wife, Bridget T. Buckley, to hold in trust and without bond, to collect rents, to pay all taxes, insurance, repairs and improvements and to receive ten per cent. of rents for their trouble, the income after all expenses are paid to be given to my father, James Fitzsimmons, for his lifetime, after his death, house on Ann street, No. 129, given to Mrs. Margaret Buckley Haly and her children, house 131 Ann street, given to Edmond Buckley and his sister, Clara Buckley Chew, home on Main street to be sold. All expenses paid out of this sale, also $200 hundred dollars given to Mrs. May Savage Brown, also my clothing and jewelry to her and her children. $100 (one hundred) given to Rev. N. H. Baker for his school for Orphans, Victorhill, New York.

($50) fifty dollars kept for graves for some years to come, $100 given to different priests for masses, $50 to Mrs. Catty Callahan to use for Albert Callahan, her grandson.

($100) one hundred dollars to Mrs. Mattie W. Driscoll.

$400 for head stones, and if there is any left use their own judgment about it, also $100 to Church of Good Shepherd of Frankfort.

"KATIE WELCH BUCKLEY.

"Witness: J. A. BRISLAN."

In addition to the property specifically described in the will, the testatrix owned at the time the will was written a vacant lot in the city of Frankfort. Thereafter she built a house on it at cost of about $4,000, but the building was not completed at the time of her death. The testatrix was a widow and left no issue, her only known relative in blood was her father, then about 80 years old. Much of her property she obtained through her husband, Micheal Buckley, brother of appellant, John T. Buckley, named in the will as one of the trustees thereby created. Some of the persons to whom she devised real estate were children of John T. Buckley. James Fitzsimmons survived his daughter, the testatrix. He devised the lot not mentioned in her will to appellees. It is contended by appellants, John T. Buckley and Bridget Buckley, that they took the lot under the will. Appellees' position is that the lot was undevised, and passed by descent to James Fitzsimmons as heir-at-law of Katie Welch Buckley.

If the lot passed under the will it is because it was included in the last item, and in this expression: "$400 for head stones, and if there is any left use their own judgment about it." It is argued that the reading of that clause should be "if there is any property left," etc. This argument is based on the law's presumption that a testator intended to dispose of his whole estate. It concedes that the words, unaided, and in connection alone with the context of the will, did not embrace the lot. It is also argued, that as ample and careful provision was made for the testatrix's father by her giving him a life estate in all her property, including this lot, she could not have intended either to enlarge that estate by an ambiguity of expression, or by failing to dispose of the remainder. The presumption against intestacy is only a rule of construction. invoked to aid in interpreting the words of the will. If with the presumption in mind, the words used by the testator in his will are clearly referable to other subjects than that of the property omitted, the presumption has no further place in the construction; it has served its office. Viewing the entire document in question here, one is forced to the conclusion that the testatrix did not intend to make appellants, John T. Buckley and his wife, the beneficiaries of her will at all, further than their fees for attending to her business in executing it. They are named as trus-

tees, are in fact its executors, whose sole benefit under the will is expressed in plain terms. The money devised is that to be derived from the sale of the Main street house. After bestowing parts of it on persons and charities having a place in her benevolence, she finally directs what is probably deemed as the balance to be invested in grave stones, but if perchance the sum set apart for that purpose was more than enough, "if there is any left," the trustees were to use their own judgment about it, that is as to applying it to same or kindred purposes to those before named by her, being in the nature of an executory devise—whether or not specific enough to be sustainable it is not necessary to here consider. She was, though, in that paragraph disposing of the proceeds of the Main street property only. The expression, "If there is any left use their own judgment about it," refers alone to that property, and is manifest, we think, from the context of the will. The first paragraph, it is said for appellants, devises to them all the testatrix's property. But the devise is in trust during the life of her father for two objects: One, to apply the net income to his maintenance; the other, after his death to apply the proceeds of one parcel to certain charitable uses, and pay Mrs. Brown $200. The title of the trustees, unless as to the Main street house, is terminated by the will upon the death of the life-tenant. Property devised for his life, and not thereafter disposed of is undevised estate, and passes under the statute of descent and distribution. Consequently her father, as her only heir-at-law took the title to the lot in question, and it passed under his will to appellees. Such was the judgment of the circuit court, which is affirmed.

The whole court sitting.